UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B.A.S., a minor, by her Next Friend and
mother, Lauren Sussex, and
LAUREN SUSSEX, Individually,

      Plaintiffs,                      Civil No. 15-cv-10578
                                         Hon. Mathew F. Leitman
vs.

UNITED STATES OF AMERICA,

      Defendant.
_____/

## <u>ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR</u>

On this 12th day of December, 2018, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and B.A.S., a minor, by and through Lauren Sussex as Next Friend and Mother of B.A.S.  Plaintiff, B.A.S., a minor, appeared through her counsel of record and Lauren Sussex, as mother and next friend of B.A.S.  Plaintiff Lauren Sussex appeared in person and through her counsel of record.  Defendant United States of America appeared through its attorney of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as **Exhibit "A"** and Plaintiffs' 2nd Amended Motion for Approval of Settlement, (Docket No. 59). The Court has reviewed the Stipulation, taken testimony, and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation and Plaintiffs' 2nd Amended Motion for Approval of Settlement, (Docket No. 59), are fair, reasonable, and in the best interests of B.A.S, a minor child of Lauren Sussex.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the settlement, as set forth in Exhibit A and Plaintiffs' 2nd Amended Motion for Approval of Settlement, (Docket No. 59), is hereby approved.

**IT IS FURTHER ORDERED** that Lauren Sussex, as the mother and next friend of B.A.S., a minor, is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement on behalf of B.A.S, a minor, and to provide any information and documentation necessary to complete the purchase of annuity contracts.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the settlement amount of **THREE MILLION NINE HUNDRED THOUSAND DOLLARS ($3,900,000.00)** (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation and Plaintiffs' 2nd Amended Motion for Approval of Settlement, (Docket No. 59).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that attorney's fees in this action shall not exceed twenty-five percent (25%) of the Settlement Amount and shall be paid as provided in the Stipulation and Plaintiffs' 2nd Amended Motion for Approval of Settlement, (Docket No. 59). The Court finds that the costs and expenses associated with the litigation are One Hundred Twenty Thousand Two Hundred  Forty Seven Dollars Forty-Seven Cents (**$120,247.47),** and that such costs and expenses are fair, reasonable, and necessary.

**IT IS FURTHER ORDERED** that such costs and expenses are approved and are to be paid as provided in the Stipulation and Plaintiffs' 2nd Amended Motion for Approval of Settlement, (Docket No. 59).  The Court finds that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers.  The Court hereby Orders plaintiffs, by and through their attorney, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement

asserted by any individual or entity, including Medicaid and Medicare, arising from the subject matter of this action. The Court further Orders that plaintiffs, by and through their attorney, shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall not retain jurisdiction over the action against the United States or the settlement.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2018

APPROVED AS TO FORM AND CONTENT:

*/s/ Zak Toomey (with consent)*

Zak Toomey
Assistant United States Attorney
United States of America
211 W. Fort Street, Room 2001
Detroit, MI 48226
(313) 226-9617
zak.toomey@usdoj.gov


*/s/ Ardiana Culaj*

Ardiana Culaj
Attorney for Plaintiffs B.A.S, a minor,
and Lauren Sussex, individually
Thurswell Law Firm (Southfield)
1000 Town Center, Suite 500
Southfield, MI 48075-1221
(248) 354-2222
aculaj@thurswell.com

# EXHIBIT A

| | |
|---|---|
| B.A.S., a minor, by her Next Friend and Mother, ) <br> LAUREN SUSSEX, and LAUREN SUSSEX, ) <br> Individually, ) <br> ) <br>               Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>             Defendant. ) <br> _____ ) | Case No.: 2:15CV10578 MFL EAS |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant, the attorneys, and the Settlement Broker, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1.     The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation For Compromise Settlement And Release ("Stipulation").

2.     This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.     In consideration for plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the undersigned plaintiffs the cash sums set forth below in paragraph 3(a) and to purchase the annuity contract(s) described below in paragraph 3(b).

a.  Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of plaintiffs and their attorneys; (3) a Court Order approving the settlement on behalf of Brooklynn A. Stiles; and (4) an authorization by the Attorney General or her designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Health Resources and Services Administration, United States Department of Health and Human Services, requesting that the sum of **Three Million Nine Hundred Thousand Dollars ($3,900,000.00)** (hereinafter "Settlement Amount") be expeditiously sent by electronic funds transfer ("EFT") to Arcadia Settlements Group, Inc. (hereinafter "Arcadia") Client Trust Account.  Within five business days after Arcadia has received copies of the birth certificate and social security card of Brooklynn A. Stiles from plaintiffs' counsel and the Settlement Amount, Arcadia agrees to distribute the Settlement Amount, as provided below in subparagraphs 3.a.(1) and 3.b.(1).

(1).  A check in the amount of **Two Million Two Hundred Thousand Dollars ($2,200,000.00)** (hereinafter "Upfront Cash") made payable to Lauren Sussex, Next Friend and Mother of Brooklynn A. Stiles, a minor, and The Thurswell Law Firm P.L.L.C. and delivered to the United States Attorney's Office for the Eastern District of Michigan to hold until plaintiffs have obtained an Order from the United States District Court for the Eastern District of Michigan dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this

settlement, or the United States. Upon entry of said Order, the United States will tender said check to plaintiffs' attorney.

(2). With respect to the payment of the Upfront Cash, plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.(2) precludes plaintiffs from purchasing non-qualified annuities after plaintiffs have cashed the Upfront Cash settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified annuities and they agree they will not attempt to purchase such annuities.

(3). Plaintiffs agree to endorse the Upfront Cash check over to their attorney to be deposited in their attorney's client trust account to facilitate the disbursement of the Upfront Cash as approved by the court reviewing the settlement on behalf of Brooklynn A. Stiles, a minor. Plaintiffs stipulate and agree that their attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid (including the State of Michigan or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action whether

3

disputed as legally valid or not, and shall not distribute to plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

b. The United States will purchase an annuity contract(s) to make the following payments:

(1). A thirty (30) years certain and life annuity contract to pay into an account established for the benefit of Brooklynn A. Stiles the sum of $5,384.62 per month, increasing at 1% compounded annually after the first year of payments, beginning one month from the date of purchase and continuing for thirty (30) years certain and the life of Brooklynn A. Stiles. In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted upward or downward to ensure that that the premium cost of the annuity contract is equal to **One Million Seven Hundred Thousand Dollars ($1,700,000.00)** and not more or less than that amount. The monthly annuity payments are based upon the date of birth for Brooklynn A. Stiles of July 5, 2012 that was provided by plaintiffs. If the date of birth and/or gender is otherwise the monthly annuity payments will be adjusted accordingly. Upon the death of Brooklynn A. Stiles, any payments remaining during the period certain shall be made payable to her estate or to a person(s) designated by Brooklynn A. Stiles (or her legally-appointed guardian) during Brooklynn A. Stiles's lifetime, provided the designation is on a form accepted by the annuity company and the United States and provided further that the United States, as owner of the annuity contract, consents to the change.

(2). The annuity contract being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Arcadia as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to an annuity contract and any annuity payments therefrom is to purchase

said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

(3). The parties stipulate and agree that the annuity company that issued the annuity contract(s) or its assignee(s) shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4). The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(5). Plaintiffs and their guardians, Guardian ad Litem (if any), heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of Brooklynn A. Stiles within ten (10) days of death. Plaintiffs and their guardians, Guardian ad Litem (if any), heirs, executors, administrators, and assigns do hereby

further agree to provide to the annuity company and the United States a certified death certificate within thirty (30) days of death.

4.      The parties agree that any attorneys' fees owed by the plaintiffs shall not exceed 25% of the settlement amount (28 U.S.C. § 2678). The parties further agree that any such attorneys' fees, along with plaintiffs' costs and expenses of this action against the United States, and their costs, expenses, and fees (including all fees of any legal Guardian ad Litem) associated with obtaining any court approval of this settlement on behalf of Brooklynn A. Stiles shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

5.      Plaintiffs and plaintiffs' guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3.a and the purchase of the annuity contract(s) set forth above in paragraph 3.b. in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, including the death of Brooklynn A. Stiles, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors

6

in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

6.     Plaintiffs stipulate and agree that plaintiffs, by and through their attorney, will satisfy or resolve any and all known claims for payment or reimbursement and any and all known liens asserted by any individual or entity before distributing to plaintiffs any portion of the Upfront Cash paid pursuant to Paragraph 3.a.(1) above. Plaintiffs and their attorneys further agree that, no later than thirty (30) days from the date the United States has paid the Settlement Amount, plaintiffs' attorney shall provide to the United States evidence that each known claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from plaintiffs' attorney representing to counsel for the United States that each such lien or

claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

7.  This compromise settlement is specifically subject to each of the following conditions:

a. An agreement by the parties on the terms, conditions, and requirements of this Stipulation and the annuity contract(s). The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation and the annuity contract(s). The terms, conditions and requirements of this Stipulation are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of this Stipulation have been completely agreed upon in writing.

b. Payment of the settlement is subject to there being sufficient funds in the account established by Congress (*e.g.*, 42 U.S.C. § 233(k)) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1992 and 1995 (42 U.S.C. §§ 233(g), *et seq*.) to pay the settlement in its entirety.

c. The United States District Court for the Eastern District of Michigan must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

d. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 7.d., or (ii) a written representation by plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of plaintiffs' records and files, plaintiffs and their attorney are unaware of any such potential tortfeasor.

e. Brooklynn A. Stiles must be alive at the time of the purchase of annuity contract(s) set forth above in paragraph 3.b. In the event of the death of Brooklynn A. Stiles prior to the purchase of said annuity contract(s), the entire Stipulation and the compromise settlement are null and void.

f. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Such court approval must be obtained prior to the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In

the event plaintiffs fail to obtain such Court approval, the entire Stipulation and the compromise settlement are null and void.

8. Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by defendant as to tax consequences, and plaintiffs are responsible for the payments of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by defendant as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

9. The parties agree that this Stipulation , including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. Plaintiffs represent that they have read, reviewed, and understand this Stipulation and, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient

opportunity to discuss this Stipulation with their attorney, who has explained the documents to plaintiffs, and that plaintiffs understand all of the terms and conditions of this Stipulation.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation as of the dates written below:

Executed this_____day of_____, 201_.
UNITED STATES OF AMERICA


By: _____
      ZAK TOOMEY
      Assistant U.S. Attorney
      Attorney for Defendant
      United States of America

Executed this\_\_\_\_\_day of_____, 201\_.

THE THURSWELL LAW FIRM P.L.L.C.

ATTORNEY FOR PLAINTIFFS

By: _____

ARDIANA CULAJ

Attorney for Plaintiffs

Executed this_____day of_____, 201_.

By:    _____,
        BROOKLYNN A. STILES
        BY PAMELA S. MOWRY
        Guardian ad Litem for Brooklynn A. Stiles

Executed this _____ day of _____, 201_.


_____
LAUREN SUSSEX,
Individually and as Mother and Next Friend of Brooklynn A. Stiles

Executed this_____day of_____, 201_.


_____
DUSTIN STILES,
as Father of Brooklynn A. Stiles

Executed this_____day of_____, 201_.
ARCADIA SETTLEMENTS GROUP, INC.


By:     _____

       CHRIS HATHAWAY, MBA, CSSC
       Structured Settlement Broker